[Civ. No. 14214.   First Dist., Div. Two.   June 9, 1950.]

WM. H. PENAAT, Appellant, v. E. E. ZEISS, as Registrar of Contractors et al., Respondents.

C. Huntington Jacobs for Appellant.

Fred N. Howser, Attorney General, Carl W. Wynkoop and William M. Bennett, Deputy Attorneys General, for Respondents.

NOURSE, P. J.—Plaintiff sued under section 1094.5 of the Code of Civil Procedure to review by mandate the proceedings of the Contractors' State License Board suspending for one year his license as a contractor. In the superior court after a full hearing the evidence was found sufficient and the ruling of the license board was sustained. The accusations upon which the proceedings were founded charged a violation of three separate sections of the Business and Professions Code. The three accusations were consolidated for hearing and resulted in one judgment, hence one appeal covering all three accusations. The appeal is taken on the clerk's transcript and a narrative statement which states that the cause was heard in the superior court on the transcript of evidence heard before the reviewing board.

The accusations separately charged violations of sections 7116, 7114 and 7119 of the Business and Professions Code and the appeal attacks each on identical grounds: that the sections are unconstitutional, that the accusations are insufficient, and that the evidence does not support the findings of guilt.

Reserving a statement of the facts until later we may dispose of the attacks upon the form of the accusations. Section 7116 of the Business and Professions Code (hereinafter called the code) provides: ''The doing of any wilful or fraudulent act by

the licensee as a contractor in consequence of which another is substantially injured constitutes a cause for disciplinary action." During the hearing before the hearing officer counsel for the board asked leave to amend the accusation charging fraud in the collection of sums from the owners in excess of the ceiling prices fixed by government authority. The request was granted and the accusations ordered "deemed to have been amended" to that extent.

The appellant argues that section 7116 is unconstitutional because it makes any act which is "wilful or fraudulent" a subject of disciplinary action and that, since it is penal in its nature, it does not define the "crime" with sufficient particularity. The premise is wrong. This is not a penal statute and the rules covering due process in criminal proceedings do not apply. (*Webster* v. *Board of Dental Examiners,* 17 Cal.2d 534, 537 [110 P.2d 992].)

There is no uncertainty in section 7116 because of the words "wilful or fraudulent." The appellant was accused of having knowingly defrauded the purchasers by collecting more than the ceiling price. He was tried on that charge and whatever might have been the result if he had been charged only with a "wilful" injury is no part of this case.

There is no contention that the evidence does not fully support the accusation that appellant charged the three veterans $500, $800, and $600 respectively over the authorized ceiling price fixed by the Veterans Administration.

The second accusation charged a violation of section 7114 of the code which provides that the "Aiding or abetting an unlicensed person to evade the provisions of this chapter or . . . allowing one's license to be used by an unlicensed person . . ." shall constitute "a cause for disciplinary action." The same attacks are made on the constitutionality of the statute and as to the uncertainty of the pleadings. What we have said as to section 7116 applies here.

There was no uncertainty at the time of the hearing that appellant was charged with having knowingly aided one Mealey, an unlicensed contractor, to use appellant's license in the construction of three homes in Burlingame on Mealey's offer to bring a foreman and crew of a friend of his from the East Bay.

There was evidence that appellant agreed with Mealey that he would permit the latter to use his license on payment of $250 or $500 per house built by Mealey. There was evidence

that appellant told a witness that he had a deal with Mealey whereby Mealey would build these houses and pay him a fixed commission for the use of his license. Evidence sufficient.

■ Section 7119 of the code reads: "Wilful failure or refusal without legal excuse on the part of a licensee as a contractor to prosecute a construction project or operation with reasonable diligence causing material injury to another constitutes a cause for disciplinary action." The accusation charged lack of diligence in that "the course of construction lasted from July, 1946, to March, 1948." The issue was thus framed whether the admittedly long delay in construction was without legal excuse or, conversely, whether the construction was "with reasonable diligence." These are not mystic words. The appellant knew that he was charged with an unreasonable delay in the construction and went to the proof of that issue. The evidence fully supports the finding.

■ We have said that the evidence supports the several accusations because respondents have pointed to evidence sufficient for that purpose. We have not read the transcript of proceedings before the board to see if there might be a conflict, and it is not our duty to do so. When the proceedings before the superior court are merely a review of the evidence taken by the respondent board it is not the purpose of the law to give the petitioner a third trial on an appeal from the judgment. In such a case, and unless it appears that there is no substantial evidence to support the judgment, the reviewing court will resolve all doubts in favor of that judgment. (*Moran* v. *Board of Medical Examiners,* 32 Cal.2d 301, 308 [196 P.2d 20].)

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied July 8, 1950, and appellant's petition for a hearing by the Supreme Court was denied August 3, 1950. Carter, J., voted for a hearing.